UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.

**RYAN KEITH**, on behalf of himself and all others similarly situated,

    *Plaintiff*,

v.

**LCM HOLDINGS ENTERPRISE INC.,**
d/b/a **AMERICAN AUTO TRANSPORT,**

    *Defendant*.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Ryan Keith (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against LCM Holdings Enterprise Inc., d/b/a American Auto Transport for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

### INTRODUCTION

1. This action arises out of the marketing practices of Defendant, LCM Holdings Enterprise, Inc. d/b/a American Auto Transport ("Defendant" or "AAT") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. AAT makes calls and sends telemarketing text messages advertising AAT's auto transport services, to individuals on the National Do-Not-Call Registry.

3. AAT continues to make calls and send text messages even after it receives multiple requests from the called party requesting that AAT stop.

4. The text messages AAT sends fail to properly identify the source of the text messages.

5. Failing to provide identifying information violates the requirements of the TCPA that all telemarketing calls clearly identify the caller and the seller and provide contact information. 47 C.F.R. § 64.1200(d)(4); 47 U.S.C. § 227(c)(5).

6. Moreover, the TCPA prohibits calling and texting a person who, like Mr. Keith, has previously asked not to receive such calls, and makes sellers like AAT liable for calls and texts made on their behalf in violation of the TCPA's internal do-not-call rules.

7. Accordingly, Mr. Keith brings this action on behalf of himself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has jurisdiction over AAT because AAT is headquartered in this District, conducts business transactions in this District and has committed tortious acts in this District.

10. Venue is proper in this District because AAT resides within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## PARTIES

11. Plaintiff Ryan Keith ("Mr. Keith") is, and at all times mentioned herein was, a citizen and resident of Woodland Hills, California.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant LCM Holdings Enterprise, Inc. d/b/a American Auto Transport is, and at all times mentioned herein was, a Florida corporation headquartered at 4839 SW 148th Avenue, Suite 425, Weston, Florida 33330.

14. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## TCPA BACKGROUND

15. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

16. Relevant here, the TCPA establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

17. These regulations are codified at 47 C.F.R. §§ 64.1200(c)(1-2).

18. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

19. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

20.     The TCPA also specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

21.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

22.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

23.     The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

24.     However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

25.     These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

26.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

27. These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

28. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

29. There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

30. These requirements are separate but cumulative. In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

---

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

31. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones that are used for residential purposes. 47 C.F.R. § 64.1200(e).

32. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Netowrk, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

33. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

119. Finally, text messages, such as the ones sent by AAT, are subject to the TCPA and its implementing regulations. *See* Fed. Commc'ns Comm., Enforcement Advisory No. 2016-06, DA 16-1299, *Robotext Consumer Protection: Text Message Senders Must Comply With the Telephone Consumer Protection Act* (Nov. 18, 2016).

## FACTUAL ALLEGATIONS

34. Mr. Keith is the user of a cellular telephone number ending in 4798.

35. Mr. Keith's cellular telephone number ending in 4798 is used for residential purposes and is not associated with a business.

36. Mr. Keith's telephone number ending in 4798 has been on the National Do-Not-Call Registry since May 3, 2017.

37. AAT sent Mr. Keith multiple unsolicited text messages soliciting AAT's auto transport services.

38. For example, on March 2, 2023, at approximately 2:34 PM, Mr. Keith received the following text message from AAT:



39. On March 3, 2023 at approximately 7:24 AM, Mr. Keith received the following text message from AAT:



40. On March 15, 2023 at approximately 2:36 PM, Mr. Keith received the following text message from AAT:

> Wednesday 2:36 PM
>
> (SAVE NOW) My driver is trying to hit his monthly quota, reserve your car shipping today at a discounted price call me or text me on my cell asap 213-291-9073

41. On March 16, 2023 at approximately 8:31 AM, Mr. Keith received the following text message from AAT:

> RESERVE YOUR CAR SHIPPPING TODAY BEFORE 7PM AND GET DISCOUNTED RATE GOOD FOR ANY MOVE WITHIN 30 DAYS CALL MY CELL NOW 954-278-3875 Mike

42. Mr. Keith was not seeking vehicle transport services.

43. Mr. Keith did not provide his consent to receive such text messages.

44. AAT also placed numerous unsolicited telemarketing calls to Mr. Keith soliciting AAT's auto transport services.

45. For example, AAT called Mr. Keith on at least the following dates:

- March 8, 2023, two times from (954) 278-3860 and one time from (954) 278-3867;
- March 9, 2023, one time from (954) 707-5150;
- March 10, 2023, two times from (954) 278-3860, and one time from (954) 278-3860;
- March 15, 2023, one time from (954) 707-5150

- March 16, 2023 two times from (954) 278-3861, one time from (954) 707-5150.

46. AAT's records or the records of third parties will reveal all of the telephone calls and text messages AAT made to Mr. Keith.

47. Mr. Keith repeatedly told AAT to stop calling him and to place him on AAT's internal do-not-call list.

48. Despite Mr. Keith's requests, AAT continued to call Mr. Keith.

49. Mr. Keith did not provide prior express invitation or permission or consent for these text messages or calls.

50. The TCPA's requirement that telemarketers (a) identify themselves, (b) identify the name of the person or entity on whose behalf the calls are being made, and (c) provide a telephone number or address at which the person or entity may be contacted is material.

51. Absent identifying information being provided in the beginning of a call or text, the called parties have no idea who is really calling or texting them, or why.

52. Telemarketers or "lead generators" often intentionally refuse to say who they are, and delay identifying themselves because they want to avoid accountability for their illegal marketing practices.

53. Failure to identify oneself or those on whose behalf calls are made during a telemarketing call or text is a substantial and material violation of the recipient's privacy rights.

54. AAT or those otherwise sending text messages on AAT's behalf, did not have written do-not-call policies or procedures at the time of the calls to Mr. Keith and the classes defined below. Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly

implemented—including as evidenced by the continued text messages to Mr. Keith after he directly asked not to be contacted.

55. AAT's violations were negligent.

56. Alternatively, AAT's violations were willful and knowing.

57. Mr. Keith and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, the AAT calls and text messages temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted calls and text messages. The calls and text messages were annoying and a nuisance, and wasted the time of Mr. Keith and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## **DEFENDANT'S LIABILITY**

58. AAT uses automated systems to make outbound telephonic sales calls and send text messages, to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

59. AAT, via both text and calls, made two or more telephone solicitations to Mr. Keith, whose number was on the National Do-Not-Call Registry at the time of the text messages. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

60. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Mr. Keith is entitled to $500 per call through 47 U.S.C. § 227(c).

61. Mr. Keith is entitled to an additional $1,500 per call if AAT's actions are found to be knowing or willful.

62. AAT placed two or more telemarketing calls to Mr. Keith despite not having in place the required policies and procedures prior to making such calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.6200(d).

63. Accordingly, for violations of 47 C.F.R. § 64.1200(d), Mr. Keith is entitled to an additional $500 per call through 47 U.S.C. § 227(c).

64. Mr. Keith is entitled to an additional $1,500 per call if AAT's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

65. Mr. Keith brings this action under Fed. R. Civ. P. 23 on behalf of two "Classes," defined as follows:

## THE TCPA CLASSES

Plaintiff and all persons within the United States to whose telephone number Defendant AAT placed (or had placed on its behalf) two or more telemarketing calls and/or text messages in a 12-month period when the telephone number to which the telephone calls or texts were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls, from four years prior to the filing of the Complaint through class certification.

("Registry Class")

Plaintiff and all persons within the United States whose telephone number Defendant AAT placed (or had placed on its behalf) two or more telemarketing calls and/or text messages in a 12-month period.

("Policy Class")

(The Registry Class and the Policy Class collectively referred to herein as the "Classes.")

66. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

67. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

68. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant made its calls and sent its text messages;

   b. The telephone numbers to which Defendant called and sent its text messages;

   c. The telephone numbers for which Defendant had prior express written consent;

   d. The purposes of such calls and text messages; and

   e. The names and addresses of Class members.

69. The Classes are comprised of hundreds, if not thousands, of individuals.

70. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

   a. Whether Defendant (or someone acting on its behalf) makes telemarketing calls and sends telemarketing text messages;

   b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

   c. Whether Defendant or the entity with which it contracts makes solicitation calls and/or sends solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

   d. Whether Defendant had the required policies and procedures prior to making telemarketing calls and sending telemarketing text messages;

      e.    Whether Defendant's statutory violations were willful and knowing; and

      f.    Whether Defendant should be enjoined from engaging in such conduct in the future.

71. Plaintiff is a member of the Classes in that Defendant placed two or more calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent, after he asked Defendant to stop, and while his telephone number was on the National Do-Not-Call Registry.

72. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

73. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

74. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

75. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

76. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

77. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

78. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

79. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the TCPA 227(c) Class)

80. Plaintiff and the proposed Registry Class incorporate the allegations of paragraphs 1-79 as if fully set forth herein.

81. Defendant made, or had made on its behalf, calls constituting telephone solicitations to Plaintiff's and putative Registry Class Members' telephone numbers.

82. Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and putative Registry Class Members' telephone numbers.

83. Plaintiff's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls and texts.

84. Plaintiff and putative Registry Class Members each received two or more such calls and/or text messages in a 12-month period.

85. Plaintiff and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

86. Plaintiff and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On behalf of Plaintiff and the Policy Class)

87. Plaintiff and the proposed Policy Class incorporate the allegations of paragraphs 1-79 as if fully set forth herein.

88. Defendant made numerous calls for telemarketing purposes to Plaintiff's and putative Policy Class Members' telephone numbers.

89. Defendant sent numerous text messages for telemarketing purposes to Plaintiff's and putative Policy Class Members' telephone numbers.

90. Defendant did so despite not having a written policy pertaining to "do not call" requests.

91. Defendant did so despite not having such a policy available "upon demand."

92. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

93. Defendant did so despite not recording or honoring "do not call" requests.

94. Defendant did so without complying with the TCPA's identification and disclosure requirements. 47 C.F.R. § 64.1200(d)(4).

95. Defendant made two or more calls to Plaintiff and putative Policy Class Members' telephone numbers in a 12-month period.

96. Defendant sent two or more telemarketing text messages to Plaintiff and putative Policy Class Members' telephone numbers in a 12-month period.

97. Plaintiff and putative Policy Class Members are entitled to an award of $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

98. Plaintiff and putative Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing their counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

DATED: March 29, 2023               Respectfully Submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman
Florida Bar No. 132896
E-mail: seth@epllc.com
**EDWARDS POTTINGER, LLC**
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone: 954-524-2820
Facsimile : 954-524-2822

                Max S. Morgan, Esq. *(Pro Hac Vice forthcoming)*
                E-mail: max.morgan@theweitzfirm.com
                **THE WEITZ FIRM, LLC**
                1528 Walnut Street, 4th Floor
                Philadelphia, Pennsylvania 19102
                Telephone: 267-587-6240

*Counsel for Plaintiff*